**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

January 6, 2022

**LETTER OPINION AND ORDER**

Re:   *Mondelli v. Berkeley Heights Nursing & Rehabilitation Center, et al.*
       **Civil Action No. 16-1569 (ES) (ESK)**

Dear counsel:

Before the Court is (i) Plaintiff's affidavit of prejudice and motion seeking recusal of the Undersigned pursuant to 28 U.S.C. §§ 144 and 455 (D.E. No. 45); *see also* D.E. No. 37), and (ii) Plaintiff's motion for an Order determining whether Magistrate Judge Edward S. Kiel has jurisdiction to conduct proceedings in this matter pursuant to 28 U.S.C. § 636, Federal Rules of Civil Procedure 72 and 73, and Local Civil Rules 72.1 and 73.1 (D.E. No. 44); *see also* D.E. Nos. 38 & 41). The Court writes for the parties and addresses each motion in turn.

**I.    RECUSAL**

Plaintiff claims that the Undersigned's bias or prejudice is evidenced by the fact that she (i) dismissed his case in violation of the Federal Rules of Civil Procedure; (ii) demonstrated deep-seated antagonism towards Plaintiff "in previously implying that his counsel should withdraw rather than preserve Plaintiff's rights in light of his disability"; and (iii) issued a text order indicating that there may be a reevaluation of whether dismissal is warranted. (D.E. No. 37 at 2 (ECF Pagination); D.E. No. 45-3 at 4). Defendants oppose the Undersigned's recusal. (D.E. No. 47).

Pursuant to Section 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only

1

> one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify [her]self from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976). "Indeed, if the affidavit submitted is legally insufficient to compel [her] disqualification," it is the judge's duty to preside. *Id.* Accordingly, "a trial judge need only recuse [her]self if [she] determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable [person] that [she] harbored a personal, as opposed to a judicial, bias against the movant." *Id.*

Akin to Section 144, recusal under Section 455(a) is appropriate when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (quoting *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007)); (*see* D.E. No. 45-3 at 4 (conceding that "[t]he analysis under both sections is the same[.]")). Section 455(b)(1) provides for recusal where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[1] As to the substantive aspect of Sections 144 and 455, "[i]f a party claims that a judge should recuse because of personal bias, prejudice or lack of impartiality toward that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus[.]" *Thompson v. Eva's Village & Sheltering Program*, No. 04-2548, 2005 WL 2474930, at *2 (D.N.J. Oct. 5, 2005); *see also United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) (finding that Section 455(a) "requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact"). Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). Without extrajudicial bias, "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible . . . .'" *Thompson*, 2005 WL 2474930, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff fails to demonstrate that the Undersigned either lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible. As to the first reason, "incorrect rulings do not prove that a judge is biased or prejudiced," although errors may require additional or new proceedings. *United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978); *Jacobsen v. Citi Mortg. Inc, (NJ)*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal."); *Arrowpoint*, 793 F.3d at 330 ("[A]dverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias."); *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978) ("The Smiths also object that some rulings were wrong. Such errors, even compounded, do not satisfy the requirements of [§] 144."). The Supreme Court has noted that while "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" they are "[a]lmost invariably[] . . . proper grounds for appeal, not

---

[1] The Court construes Plaintiff's motion under Section 455, subparts (a) and (b)(1) only. (*See* D.E. No. 45-3 at 3–6.)

for recusal." *Liteky*, 510 U.S. at 555.  Notably, Plaintiff already succeeded on appeal because a competency hearing did not occur prior to dismissal.

As to the second reason, the exchange between the Undersigned and Plaintiff's counsel on April 27, 2018, does not reflect "deep-seated antagonism."  (*See* D.E. No. 31 ("Tr.") at 9:16–10:16).  By way of background, Plaintiff missed multiple discovery deadlines, which prompted Magistrate Judge Steven C. Manion to issue an order to show cause.  (D.E. No. 17).  Plaintiff requested that the matter be administratively terminated for 180 days, which the Court granted. (D.E. Nos. 18 & 19).  On November 20, 2017, Plaintiff moved to extend the termination deadline and simultaneously sought Judge Mannion's recusal.  (D.E. Nos. 20 & 21).[2]  Accordingly, the April 27, 2018 dialogue regarding counsel's predicament—particularly in light of Plaintiff's apparent lack of communication with counsel and the case's posture—does not demonstrate favoritism or antagonism.  *See, e.g.*, *Liteky*, 510 U.S. 555–56 (finding that "expressions of impatience, dissatisfaction, annoyance and even anger" do not establish bias and that "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune").  Importantly, the Court expressed no view on Plaintiff's rights or his alleged disability.[3]  (*See generally* Tr.).

As to the final reason, Plaintiff takes issue with the Court's September 16, 2021 text order, which stated the following: "In light of the appellate ruling, the Clerk of Court shall reopen this matter so that the Court may proceed with a hearing to evaluate Plaintiff's competency and then **a reevaluation whether dismissal is warranted**."  (D.E. No. 34 (emphasis added)).  Plaintiff claims that the bolded portion of the text order was a "prejudicial statement" because he believes that "issues of [his] competency should be conducted first before any such statements are considered to be made."  (D.E. No. 37 at 2 (ECF Pagination)).  The text order does not purport to prejudge any issue in this case, including the issue of Plaintiff's competency.  Rather, the text order mirrors the Third Circuit's instructions on remand: "We will therefore vacate the dismissal order and remand for the Court to examine [Plaintiff's] competency, as required by Federal Rule of Civil Procedure, **and to then reevaluate whether dismissal is warranted**."  (D.E. No. 33-2, Third Circuit Opinion at 3 (emphasis added)).

Based on the above, a reasonable person could not find that the Undersigned is unable to render a fair and impartial decision or harbors any "deep-seated antagonism" toward Plaintiff.

---

[2]   The Undersigned denied Plaintiff's request to recuse Judge Mannion on April 27, 2018 (Tr. at 8:2–5), and the matter was reassigned to Judge Kiel in September 2021 after remand from the Third Circuit.

[3]   Furthermore, because the Third Circuit remanded this matter for a competency determination in the first instance, there are no "previously-expressed views or findings" of the Undersigned that were "determined to be erroneous" with respect to Plaintiff's competency.  *See United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977); (*contra* D.E. No. 45-3 at 5–6).  Nor is there any evidence that recusal would "preserve the appearance of justice."  *See Robin*, 553 F.2d at 10.  Instead, recusal would "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."  *See id.*

## II.    MAGISTRATE JUDGE KIEL'S JURISDICTION

Plaintiff maintains that following remand from the Third Circuit, Judge Kiel scheduled and conducted status conferences without the parties' consent to proceed before a magistrate judge. (D.E. No. 44-3 at 1–2).  On October 4, 2021, the same day of the first scheduled conference, Plaintiff objected to Judge Kiel's jurisdiction to conduct proceedings, and by letter dated October 18, 2021, he reiterated the objection.  (D.E. Nos. 38 & 41).  On October 29, 2021, during a subsequent conference, Judge Kiel ordered Plaintiff to file a formal motion detailing his objection. (D.E. No. 42).[4]  In his motion, Plaintiff argues that Judge Kiel may not conduct any proceedings pursuant to 28 U.S.C. § 636 without his consent, or alternatively, Judge Kiel may conduct dispositive matters—including any proceedings in connection with remand—by making recommendations to the Undersigned pursuant to Rule 72.  (D.E. No. 44-3 at 1–6; D.E. No. 44-1, Proposed Order).  Defendants note that the parties did not consent to Judge Kiel's jurisdiction over any dispositive motions.  (D.E. No. 46).[5]  Otherwise, they take no position on Plaintiff's motion. (*Id.*).

Section 636(b)(1)(A) states that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain dispositive motions. A non-exhaustive list of excepted motions include those that seek injunctive relief, judgment on the pleadings, and summary judgment, and motions "to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A); *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133 (3d Cir. 2014) ("This list of dispositive motions is not an exhaustive one, but instead merely 'informs the classification of other motions as dispositive or nondispositive.'"  (citation omitted)).  Local Civil Rule 72.1(a)(2) provides for the same exceptions and adds motions "for judicial review of administrative determinations, for review of default judgments and for review of prisoners' petitions challenging conditions of confinement."  Notably, however, a district judge "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ."  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1) (providing that when a magistrate judge reviews a dispositive matter without the parties' consent, "[a] record must be made of all evidentiary proceedings" and the "magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact"); *see also* L. Civ. R. 72.1(a)(2); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).

---

[4]    His Honor also ordered that Plaintiff file a formal motion for the Undersigned's recusal, addressed *supra*. (D.E. No. 42).

[5]    The procedure for consent exists under Federal Rule of Civil Procedure 73, which provides that "[w]hen authorized under 28 U.S.C. §636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial." Fed. R. Civ. P. 73(a)–(b); L. Civ. R. 73.1.

The Federal Rules do not squarely address whether competency hearings under Rule 17 are excepted from a magistrate judge's purview. But it appears that magistrate judges regularly conduct competency hearings under subparagraphs (A) and (B) of Section 636(b)(1), whether by final determination or report and recommendation. *Compare Adamson v. Hayes*, No. 05-2286, 2010 WL 5069885, at *5–6 (D. Ariz. Dec. 7, 2010) (final determination), *and Lewis v. Karas*, No. 20-7532, 2020 WL 5913740, at *1 (S.D.N.Y. Oct. 5, 2020) (commenting on the same), *with Smith v. Howell*, No. 14-1374, 2016 WL 426603, at *1 (W.D. Okla. Feb. 3, 2016) (report and recommendation), *and Thompson v. Covenant Transp., Inc.*, No. 07-0275, 2008 WL 4372789, at *8 n.5 & 9 (W.D.N.C. Sept. 22, 2008) (same).

Here, Plaintiff's argument looks beyond the competency determination to the Third Circuit's directive, instructing the Court to "then reevaluate whether dismissal is warranted." (D.E. No. 33-2 at 1; *see* D.E. No. 44-3 at 4–6). Accordingly, because the Court must reevaluate dismissal after and in consideration of the competency determination, the Court may refer the competency proceeding to Magistrate Judge Kiel pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1). This course of action is consistent with other Rule 17 proceedings that have been conducted by magistrate judges throughout the country by way of reports and recommendations. *See, e.g.*, *Smith*, 2016 WL 426603, at *1; *Thompson*, 2008 WL 4372789, at *8 n.5 & 9.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's request for the Undersigned's recusal is denied. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003) (noting that "[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify [her]self" (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988))). Plaintiff's competency determination is referred to Magistrate Judge Kiel, who shall issue a report and recommendation to the Undersigned in due course. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); L. Civ. R. 72.1(a)(2).

Accordingly, IT IS on this 6th day of January 2022,

**ORDERED** that Plaintiff's request for the Undersigned's recusal (D.E. Nos. 37 & 45) is DENIED; and it is further

**ORDERED** that Magistrate Judge Edward S. Kiel shall conduct all necessary proceedings to determine Plaintiff's competency and issue a report and recommendation to the Undersigned, *see* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1) and L. Civ. R. 72.1(a)(2); and it is further

**ORDERED** that Docket Entry Numbers 44 and 45 are TERMINATED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**