UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VICTOR MONDELLI,

      **Plaintiff,**

  v.

BERKELEY HEIGHTS NURSING & REHABILITATION CENTER, *et al.*,

      **Defendants.**

Case No. 16–cv–01569–ES–ESK

OPINION AND ORDER

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on defendants' motion "to dismiss … [p]laintiff's [c]omplaint with prejudice, together, with any and all relief … deem[ed] just and equitable" as sanctions pursuant to Federal Rule of Civil Procedure (Rule) 37 (Motion) (ECF No. 57 p.6); and plaintiff having filed an opposition to the Motion (ECF No. 62); and defendants having filed a reply in further support of the Motion (ECF No. 64); and the Court finding,

    1.    Plaintiff commenced this case on March 21, 2016 seeking to recover damages for intentional infliction of emotional distress and violations under Title II of the Americans with Disabilities Act. (ECF No. 1.)

    2.    Following the initial scheduling conference, the Court entered an order on November 17, 2016, directing fact discovery to close on July 31, 2017. (ECF No. 10 ¶3.) The parties were directed to serve their discovery requests by December 30, 2016 and to respond to each other within 30 days of receipt. (*Id.* ¶4.) Although defendants timely served plaintiff with their discovery requests, plaintiff failed to respond. (ECF No. 16 p.2.) The Court granted plaintiff an extension until February 17, 2017 to respond, however, plaintiff again failed to meet the deadline. (*Id.* pp.2, 3.)

    3.    Due to plaintiff's repeated failure to comply with the Court's orders to respond to defendants' discovery requests (*see id.* pp. 1–3), the Court directed plaintiff to show cause as to "why sanctions should not be imposed against him pursuant to [Rules] 16(f) and 37" (ECF No. 17). Plaintiff advised the Court that due to his "current mental and physical health, [he] ha[d] been unable to properly communicate with [his] lawyer and prosecute this case." (ECF No. 18 ¶11.)

Pursuant to plaintiff's request, the Court administratively terminated this case on May 22, 2017. (*Id.* ¶12; ECF No. 19). The parties were granted leave to request to reopen this case within 180 days. (ECF No. 19.)

4. On November 20, 2017, plaintiff filed a motion "to [e]xtend [t]ime to [r]eopen [c]ase or, in the [a]lternative, to [r]eopen case" (Motion to Reopen). (ECF No. 20.) On April 27, 2018, the Court held a hearing and denied the Motion to Reopen and dismissed this case with prejudice (Dismissal Order). (ECF Nos. 26, 31.)

5. On May 29, 2018, plaintiff appealed from the Dismissal Order to the Third Circuit. (ECF No. 27.) The Third Circuit entered a judgment on June 15, 2021, vacating the Dismissal Order and remanding this case "for the [District] Court to reexamine [plaintiff's] competency" to determine the need to appoint a Guardian Ad Litem "and to then reevaluate whether dismissal is warranted." (ECF No. 32; ECF No. 33-2 pp. 3, 11.)

6. Upon the reopening of this case (ECF No. 34), the Court directed the parties to "file letter briefs … setting forth the[ir] respective positions on how this [case] should proceed." (ECF No. 39 ¶1.) Defendants requested that a competency hearing be scheduled and that they be granted leave to conduct limited discovery. (ECF No. 40 p. 2.) Meanwhile, plaintiff asserted that "the directives of the … Third Circuit" must be fulfilled but noted that he "does not consent to any proceedings in this case to be conducted by a Magistrate Judge." (ECF No. 41 p. 1.) Following the October 29, 2021 telephone status conference (ECF No. 43), the Court granted: (a) defendants permission "to serve written discovery requests on plaintiff relating to the issue of '[p]laintiff's incompetence and need for the appointment of a Guardian Ad Litem'"; and (b) plaintiff leave to file recusal motions (ECF No. 42 ¶¶1, 2 (alteration in original) (quoting ECF No. 40 p. 2)).

7. On November 12, 2021, plaintiff filed his recusal motions. (ECF Nos. 44, 45.) The recusal motions were denied on January 6, 2022. (ECF No. 49.)

8. Defendants advised in their status letter filed before the January 7, 2022 telephone status conference that plaintiff had yet to provide discovery. (ECF No. 42 ¶1; ECF No. 48.) On January 10, 2022, the Court again ordered plaintiff to respond to defendants' discovery requests by a date certain and granted defendants permission to depose plaintiff and have him undergo an independent medical examination (January Order). (ECF No. 50 ¶¶1, 2.) The Court also scheduled plaintiff's competency hearing for April 5, 2019. (ECF No. 51 p. 9.)

2

9. At the February 18, 2022 telephone status conference, defendants noted that plaintiff's independent medical examination could not be scheduled without plaintiff's answers to their discovery requests. (ECF No. 56 p. 11.) Plaintiff advised that while he would not respond to any discovery, he would "submit[] HIPPA forms so that the defendant[s'] examiner can examine him with the medical records that [defendants] are seeking. (*Id.* pp. 2, 5, 6.) Plaintiff also indicated that he would be "willing to submit to" a deposition and "show up for [his] [independent medical exam]." (*Id.* pp. 8, 10, 11.) The Court, thereafter, entered an order: (a) "deem[ing] [plaintiff] to be in violation of the … January [Order]"; (b) directing plaintiff to "provide releases for his records for the medical providers" defendants identified; and (c) instructing "plaintiff's deposition [to] proceed on March 22, 2022." (ECF No. 55.)

10. Plaintiff refused to appear for his deposition and failed to provide releases for his medical records, thereby, once again, violating the Court's order. (ECF No. 57, p. 13; ECF No. 60.)

11. On March 1, 2022, defendants filed the Motion. (ECF No. 57.) Defendants argue that they "have been prejudiced by the tortured procedural history of this [case], the futile recusal motions …, and the refusal by [p]laintiff to cooperate, or respond, in any meaningful way to discovery." (*Id.* p. 6.) In opposition, plaintiff argues that pending determination of his competency, he need not respond to defendants' discovery requests. (ECF No. 62 p. 5.) Plaintiff also notes that while he agreed to provide medical releases, defendants never provided plaintiff with the release forms. (*Id.* p. 8.) Defendants, however, emphasize that they do not have the burden to provide plaintiff with the release forms. (ECF No. 64 p. 4.)

12. Pending resolution of the Motion and given plaintiff's continued failure to comply with the Court's orders, the Court adjourned plaintiff's competency hearing *sine die*. (ECF No. 61 ¶ 1; ECF No. 63 pp. 4, 5.)[1]

13. To the Court's knowledge, plaintiff has yet to respond to any discovery requests, offer to reschedule his deposition, or provide signed releases for his medical records.

14. "Both the [Rules] and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). Dismissal is, however, recognized as a "drastic sanction." *Id.*

---

[1] At the March 28, 2022 telephone status conference, for which plaintiff's counsel did not appear, the Court noted that "[t]here's no way … [to] have a competency hearing without …. any kind of discovery." (ECF No. 61 pp. 3, 5.)

3

(quoting *Poulis v. State Farm and Casualty Co.*, 747 F.2d 863, 867 (3d Cir. 1984)). Therefore, before imposing a sanction, which would "deprive a party of [their] day in court and preclude review of potentially meritorious claims," a court must balance the six enumerated factors announced in *Poulis*. *Id.* at 409–10. These factors need not be considered "when [the] sanctions do not preclude *all* claims or defenses such that a party still has [their] day in court." *Id.* at 410.

15. Given the Third Circuit's determination that plaintiff presented "verifiable evidence concerning his potential incompetence," the Court recognizes its obligations to assess plaintiff's competency before considering the dismissal of this case. (ECF No. 33-2 pp. 8–13.) However, without plaintiff's cooperation in obtaining discovery relating to his competency, the Court is left with a Sisyphean task. The Court can continue to order plaintiff to respond to discovery, sit for his deposition, and be examined by an independent medical examiner. But plaintiff's behavior to date indicates that he will continue to refuse to comply with the Court's orders. If the Court schedules a competency hearing, plaintiff will likely not appear and, if he does appear, he will likely not permit himself to be examined. Thus, there is little chance that a competency hearing at this stage will yield a resolution of the issue the Third Circuit tasked upon this Court.

16. Accordingly, this case will be administratively terminated until such time that plaintiff is willing to either respond to discovery requests relating to his claims and/or alleged incompetency so that a competency hearing can be conducted.

Accordingly,

**IT IS** on this **20th** day of **October 2022** **ORDERED** that:

1. For efficient case management and preservation of judicial resources, this case is **ADMINISTRATIVELY TERMINATED**. Plaintiff may file a formal motion to reinstate this case by setting forth his: (a) responses to defendants' discovery requests relating to his claims and/or alleged incompetency, including the releases for his medical records, (b) availability for an independent medical examination; and (c) availability to be deposed.

2. The Motion is **DENIED** without prejudice. The Clerk is directed to terminate the Motion at ECF No. 57.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                **UNITED STATES MAGISTRATE JUDGE**