**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

December 3, 2024

**LETTER OPINION AND ORDER**

Re:   *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr., et al.*
       **Civil Action No. 16-1569 (ES)**

Dear Counsel:

Before the Court is a motion for leave to appeal *in forma pauperis* ("IFP") of plaintiff Victor Mondelli ("Plaintiff"), who remains represented by Kenneth J. Rosellini, Esq. (D.E. No. 79 ("Motion" or "Mot.")). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

**I.   PROCEDURAL BACKGROUND**

On March 21, 2016, Plaintiff brought this action against defendants Berkeley Heights Nursing & Rehabilitation Center, Marina Ferrer, Diane Wilverding, and Jane/John Does 1 through 5 (together, "Defendants") alleging a claim under the Americans with Disabilities Act (Count I) and a claim for intentional infliction of emotional distress (Count II). (D.E. No. 1 ("Compl.") ¶¶ 77–84). On May 3, 2017, Plaintiff was ordered to show cause as to why sanctions should not be imposed against him for failure to comply with the Court's orders and alleged failure to produce discovery. (D.E. No. 17 at 1). On May 22, 2017, the Court administratively terminated this matter at Plaintiff's request and ordered the parties to either file dismissal papers or request to reopen the action within 180 days; the Court also noted that it may, without further notice, dismiss the matter *with prejudice* and without costs. (D.E. No. 19 at 1). On November 20, 2017, Plaintiff moved to reopen this matter. (D.E. No. 20). On April 27, 2018, this Court held a hearing and denied Plaintiff's motion to reopen for his continued failure to comply with discovery. (D.E. Nos. 25 & 26). The Court subsequently dismissed the matter *with prejudice*, and Plaintiff appealed. (D.E. Nos. 26 & 27). Thereafter, Plaintiff filed an application for leave to appeal IFP before this Court and in the United States Court of Appeals for the Third Circuit; the Third Circuit granted Plaintiff's motion to appeal IFP. (D.E. No. 28; *see also Mondelli v. Berkeley Heights Nursing & Rehabilitation Center*, Appeal No. 18-2193, July 25, 2018 Order (granting prior motion to proceed IFP)). On June 15, 2021, the Third Circuit vacated this Court's prior dismissal order and remanded the matter for further proceedings, specifically, "an inquiry into [Plaintiff's] competency" under Federal Rule of Civil Procedure 17(c). (D.E. No. 33-2 at 12–13).

On October 4, 2021, Plaintiff sought recusal of the Undersigned and objected to then-Magistrate Judge Edward S. Kiel's jurisdiction to conduct a Rule 17(c) proceeding. (D.E. Nos. 37

& 38). On January 6, 2022, the Court denied Plaintiff's requests and referred Plaintiff's competency determination to Judge Kiel for a report and recommendation. (D.E. No. 49). On January 10, 2022, Judge Kiel ordered Plaintiff to respond to Defendants' written discovery requests and granted Defendants permission to depose Plaintiff and have him undergo an independent medical examination. (D.E. No. 50). Judge Kiel scheduled Plaintiff's competency hearing for April 5, 2022. (D.E. No. 51 at 9:20–21).

On February 18, 2022, following a telephone conference, Judge Kiel entered an order deeming Plaintiff in violation of his January 10, 2022 Order and directed Plaintiff to (i) respond to Defendants' discovery requests, (ii) provide releases for his medical records, and (iii) sit for a deposition on March 22, 2022. (D.E. No. 55). On March 1, 2022, Defendants filed a motion for sanctions seeking dismissal of Plaintiff's complaint *with prejudice* for failure to comply with discovery orders pursuant to Rule 37. (D.E. No. 57). And on March 21, 2022, Defendants supplemented their motion for sanctions, noting that Plaintiff was refusing to appear for his deposition and failed to provide releases for his medical records in violation of Judge Kiel's February 18, 2022 Order. (D.E. No. 60). Plaintiff opposed, arguing that, pending determination of his competency, he need not respond to additional discovery demands. (D.E. No. 62 at 5–6).

On October 20, 2022, Judge Kiel denied Defendants' motion for sanctions, stating "[g]iven the Third Circuit's determination that [P]laintiff presented 'verifiable evidence concerning his potential incompetence,' the Court recognizes its obligations to assess plaintiff's competency before considering dismissal of this case." (D.E. No. 65 ¶ 15 (quoting D.E. No. 33-2 at 8–13)). Judge Kiel administratively terminated the case "until such a time that [P]laintiff is willing to either respond to discovery requests relating to his claims and/or alleged incompetency so that a competency hearing can be conducted." (*Id.* ¶ 16). On November 3, 2022, Plaintiff appealed Judge Kiel's October 20, 2022 Opinion and Order, which this Court denied on June 2, 2023. (D.E. Nos. 66 & 70). In addition, the Court's June 2, 2023 Order stated Plaintiff shall (i) provide releases for his relevant medical providers, or, alternatively, submit to Defendants the specific names and approximate dates of treatment for his medical providers so that Defendants could prepare medical releases for Plaintiff to sign; (ii) submit to a deposition; and (iii) submit to an independent medical examination. (D.E. No. 70 at 9). Plaintiff had thirty days to comply with the Court's June 2, 2023 Order before facing dismissal *with prejudice*. (*Id.*). Thereafter, on July 19, 2023, Plaintiff failed to appear for a scheduled telephone conference before Judge Kiel. (D.E. Nos. 71 & 74). Accordingly, on February 8, 2024, this Court dismissed the action *with prejudice*. (D.E. No. 76). On March 11, 2024, Plaintiff filed a notice of appeal as to various decisions,[1] along with the present Motion for leave to appeal IFP pursuant to 28 U.S.C. § 1915. (D.E. No. 78; Mot.).[2]

---

[1]    Specifically, Plaintiff appeals **Docket Entry Numbers 42** (order granting Defendants leave to serve, and Plaintiff to respond to, written discovery requests), **49** (letter opinion and order denying recusal and referring the competency proceeding to Judge Kiel), **50** (order requiring Plaintiff to comply with discovery), **55** (order finding Plaintiff in violation of prior order to comply with discovery requests), **61** (order adjourning competency hearing sine die pending resolution of Defendants' motion for sanctions), **65** (opinion and order administratively terminating the action), **70** (letter order denying Plaintiff's appeal of Judge Kiel's opinion and order administratively terminating the action), and **76** (order of dismissal *with prejudice*).

[2]    The Court refers to the latest-in-time "notice of appeal" at Docket Entry Number 78, rather than his "notice of cross appeal," which appears to have been inadvertently filed on the same day at Docket Entry Number 77. In

**II.     MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff must comply with the requirements set out by Federal Rule of Appellate Procedure 24(a)(1) in order to obtain IFP status on appeal. Specifically, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). With respect to subsection (A), Form 4 requires the applicant to list, in detail, all sources of income, assets of the applicant and the spouse, and monthly expenses. Furthermore, Rule 24(a)(2) provides that "[i]f the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). In addition, pursuant to Rule 24(a)(3)

> [a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3)(A)–(B). Finally, to prosecute an appeal in the United States Court of Appeals for the Third Circuit, an appellant must pay a filing fee of $600.00, and a $5.00 fee as required by 28 U.S.C. § 1917. *Fees*, *United States Court of Appeals for the Third Circuit*, https://www.ca3.uscourts.gov/fees-0 (last visited Dec. 2, 2024).

Here, Plaintiff filed his Motion on March 11, 2024, which was returnable on April 15, 2024. (Mot.). Plaintiff's Motion consists of the long-form application to proceed IFP. (*See id.*).[3] Defendants have not opposed Plaintiff's Motion.

In his Motion, Plaintiff attests that he is unemployed and receives $974.00 per month in Supplemental Security Income as well as $196.00 per month in food stamps. (Mot. at 2). Plaintiff's monthly expenses total $679.00,[4] leaving him with approximately $295.00 of

---

addition, although Plaintiff's notice of appeal contains an IFP application (*see* D.E. No. 78-1), the Court refers to the separately filed "motion for leave to appeal in forma pauperis" at Docket Entry Number 79. The Court's review of these two IFP applications reveals they are identical. (*Compare* D.E. No. 78-1, *with* D.E. No. 79).

[3]     Despite Plaintiff's continued failure to comport with the Court's orders compelling him to comply with discovery requests, he filled out, signed, and dated the affidavit accompanying his motion for permission to appeal IFP. (*See* Mot. at 1).

[4]     Plaintiff failed to calculate his total monthly expenses; thus, $679.00 is the Court's calculation of the figures Plaintiff provided in paragraph 8 of his Motion. (*See* Mot. at 5).

disposable income per month. (*Id.* at 5).  At the time of filing his Motion, Plaintiff had $294.00 in his checking account.  (Mot. at 3).  Although Plaintiff's income exceeds his monthly expenses leaving him with $295.00 of disposable income per month, when considering the $605.00 filing fee required to proceed on appeal in the Third Circuit, it is apparent that Plaintiff cannot afford to pay the costs of his appeal.  *Cf. Taylor v. AM Retail Grp., Inc.*, No. 20-3158, 2022 WL 1078228, at *1 (D.N.J. Mar. 8, 2022) (denying motion for leave to appeal IFP where Plaintiff's disposable income totaled slightly less than $1,000.00 per month).  Thus, Plaintiff satisfies the requirements of Federal Rule of Appellate Procedure 24(a)(1)(A) because he lacks the ability to pay, or would suffer sufficient hardship by paying, the necessary filing fees.

Furthermore, although not stated explicitly in Plaintiff's Motion, the Court finds that his notice of appeal sets forth an alleged entitlement to redress and lists the various decisions he intends to present on appeal.  (*See* D.E. No. 78 at 1–2).  Finally, the exception to Rule 24(a)(1), as stated in Rule 24(a)(3), does not apply because the Court did not permit Plaintiff to proceed IFP in the present action.[5]

Accordingly, for the reasons set forth above, Plaintiff's Motion (D.E. No. 79) is **GRANTED.**

       **SO ORDERED.**

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] Plaintiff paid the filing fee when he initiated the instant matter in the District of New Jersey.  (*See* D.E. No. 1).